**STUBBS, ALDERTON & MARKILES, LLP**
Michael A. Sherman (SBN 94783)
masherman@stubbsalderton.com
15260 Ventura Boulevard, 20th Fl.
Sherman Oaks, California 91403
Telephone: (818) 444-4500
Facsimile:  (818) 444-4520

**AMSTER, ROTHSTEIN & EBENSTEIN, LLP**
Anthony F. Lo Cicero (*Pro Hac Motion to Follow*)
alocicero@arelaw.com
Benjamin Charkow (*Pro Hac Motion to Follow*)
bcharkow@arelaw.com
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8000
Facsimile:  (212) 336-8001

Attorneys for Plaintiff
IRONCLAD PERFORMANCE WEAR CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation.<br><br>Plaintiff,<br><br>vs.<br><br>RPS SOLUTIONS, business entity unknown,<br><br>Defendant. | Case No. 2:16-cv-05684<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff Ironclad Performance Wear Corporation ("Ironclad"), by its attorneys, for its Complaint against Defendant RPS Solutions ("RPS Solutions") ("Defendant"), hereby demands a jury trial and alleges as follows:

## PARTIES

1. Ironclad is a California corporation organized and existing under the laws of the State of California.  Ironclad has a distribution facility for its products in Valencia, California.

2. Upon information and belief, Defendant RPS Solutions is a business

1
COMPLAINT FOR PATENT INFRINGEMENT

entity of unknown nature with a principal place of business at 726 Donald Preston Drive, Wolffort, Texas 79382.

## JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § et seq.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because, inter alia, upon information and belief, Defendant's infringing products are sold in, distributed to, and shipped into the Central District of California, and in this judicial district. Upon information and belief, Defendant has knowingly and intentionally placed its infringing products into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(B), 1391(C) and 1400(B). Upon information and belief, Defendant has engaged in activities including: maintaining a significant and continuous presence in this district, transacting business in this district, and purposefully directing its business activities, including infringing activities, to this district.

## FACTUAL BACKGROUND

### Ironclad and the '519 Patent

7. Ironclad is a recognized leader in high-performance task-specific work gloves. It created the performance work glove category in 1998, and continues to leverage its leadership position in the safety, construction and industrial markets through the design, development and distribution of specialized task-specific gloves for industries such as oil & gas extraction; automotive; and police, fire, first-responder and military.

8. Ironclad engineers and manufactures its products with a focus on

innovation, design, advanced material science and durability. Ironclad's gloves are available through industrial suppliers, hardware stores, home centers, lumber yards, and sporting goods retailers nationwide; and through authorized distributors in North America, Europe, Australia and Asia.

9. Ironclad has developed unique glove constructions and patterns for its performance wear, and has received design and/or utility patents on several of its gloves.

10. On January 26, 2016, U.S. Patent No. 9,241,519 ("the '519 Patent") was duly and legally issued for a "GLOVE FOR USE IN THE OIL AND NATURAL GAS EXTRACTION INDUSTRIES" to Eric M. Jaeger. A true and correct copy of the '519 Patent is attached hereto as Exhibit "A" and made a part hereof. Mr. Jaeger assigned to Ironclad the entire right, title, and interest to the '519 Patent including all rights to recover for all infringements thereof. Ironclad is the owner and assignee of the '519 Patent.

11. The '519 Patent provides for a glove with protective members that protect the wearer's fingers including the nail bed, while at the same time providing the dexterity necessary to work in the field.

12. To accomplish this, the '519 Patent, among other things, calls for a plurality of base members secured to the glove back which extend along a substantial length of the fingers and thumb, with the distal end of each base member extending over the tip portions of the fingers and thumb.

13. Each of the base members contains an elongated protective member fixedly secured to each of the base members. The protective members extend substantially along the length and width of each base member but are recessed from the outer periphery of the base member. Further, the portions of the protective members at the distal end slope downward towards the base member and extend to the tip portion of the fingers and thumbs and the protective members also slope laterally to cover the sides of the wearer's phalanges (finger bones).

<u>Defendant's Infringing Activities</u>

14. Upon information and belief, Defendant RPS Solutions makes, uses, offers to sell, sells, and/or imports the Crude Hands gloves, an exemplary photo of which is shown below:



15. Defendant's gloves are designed with a plurality of base members secured to the glove back which extend along a substantial length of the fingers and thumb.

16. The distal end of each base member on Defendant's gloves extends over the tip portions of the fingers and thumb.

17. Each of the base members contains an elongated protective member fixedly secured to each of the base members. Specifically, upon information and belief, the protective member is fixedly secured by being integrally constructed with the base member out of the same piece of material.

18. The protective members of Defendant's gloves extend substantially along the length and width of each base member but are recessed from the outer periphery of the base member.

19. The portions of the protective members at the distal end of Defendant's gloves slope downward towards the base member and extend to the tip portion of the fingers and thumbs and the protective members also slope laterally to cover the sides of the wearer's phalanges (finger bones).

COMPLAINT FOR PATENT INFRINGEMENT

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 9,241,519

20. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if they are fully set forth herein.

21. Defendant RPS Solutions has been making, using, offering to sell, selling, and/or importing the Crude Hands gloves and as a result infringes and continues to infringe at least Claim 1 of the '519 Patent.

22. The Crude Hand gloves infringe at least Claim 1 of the '519 Patent because just as required by Claim 1 of the '519 Patent, Defendant's gloves are designed with a plurality of base members secured to the glove back which extend along a substantial length of the fingers and thumb; the distal end of each base member on Defendant's gloves extends over the tip portions of the fingers and thumb; each of the base members contains an elongated protective member fixedly secured to each of the base members; the protective members of Defendant's gloves extend substantially along the length and width of each base member but are recessed from the outer periphery of the base member; the portions of the protective members at the distal end of Defendant's gloves slope downward towards the base member and extend to the tip portion of the fingers and thumbs; and the protective members also slope laterally to cover the sides of the wearer's phalanges (finger bones).

23. Ironclad has been damaged by Defendant's infringement.

24. Furthermore, Defendant's acts of infringement have been without express or implied license by Ironclad, are in violation of Ironclad's rights, and will continue unless enjoined by this Court.

25. Ironclad provided notice to Defendant of the '519 Patent at least as early as May 27, 2016.

26. Upon information and belief, Defendant's infringement has been in willful disregard of the '519 Patent and the rights created thereunder.

27. Ironclad has been and will continue to be irreparably harmed by Defendant's infringement of the '519 Patent.

## JURY DEMAND

28. Trial by jury is hereby demanded.

## RELIEF SOUGHT

**WHEREFORE**, Ironclad prays:

A. For injunctive relief against further infringement of the '519 Patent by Defendant's officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendant;

B. For damages to compensate Ironclad for the infringement of the '519 Patent;

C. For pre judgment and post judgment interest;

D. That Ironclad be awarded its fees and costs;

E. For treble damages pursuant to 35 U.S.C. § 284; and

F. For all such other and further relief as this Court deems just and proper.

Dated: July 29, 2016         STUBBS, ALDERTON & MARKILES, LLP

By: /s/ Michael A. Sherman
Michael A. Sherman

Attorney for Plaintiff
IRONCLAD PERFORMANCE
WEAR CORPORATION